AO 241 (Rev. 06/13)                                                                                           Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: **MIDDLE** |
|---|---|
| Name (under which you were convicted): **George William Girtman** | Docket or Case No.: **6:15-cv-1722-ORL-28 KRS** |
| Place of Confinement: **Gulf Correctional Institution - Annex** | Prisoner No.: **059203** |
| Petitioner (include the name under which you were convicted) **George William Girtman** | Respondent (authorized person having custody of petitioner) v. **Julie Jones, Secretary of FDOC** |
| The Attorney General of the State of **Florida, Pamala Bondi** | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **The Circuit Court of the Ninth Judicial Circuit, 425 North Orange Avenue, Orlando, FL 32801**

   (b) Criminal docket or case number (if you know): **2010-CF-009035-A-O**

2. (a) Date of the judgment of conviction (if you know): **1-24-2011**

   (b) Date of sentencing: **1-28-2011**

3. Length of sentence: **Life**

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:




6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty    ☑ (3) Nolo contendere (no contest)

   ☐ (2) Guilty        ☐ (4) Insanity plea

AO 241 (Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: District Court of Appeal Fifth District

(b) Docket or case number (if you know): 5D 14-3030

(c) Result: Per Curiam Affirmed

(d) Date of result (if you know): March 31, 2015

(e) Citation to the case (if you know): Girtman v. State, 88 So.3d 172 (table)(Fla. 5th DCA 2011)

(f) Grounds raised: Anders Brief

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Result: N/A

(4) Date of result (if you know): N/A

AO 241 (Rev. 06/13)

Page 4

  (5) Citation to the case (if you know): N/A

  (6) Grounds raised: N/A

 (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

  If yes, answer the following:

  (1) Docket or case number (if you know): N/A

  (2) Result: N/A

  (3) Date of result (if you know): N/A

  (4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

 (a) (1) Name of court: The Circuit Court of the Ninth Judicial Circuit

  (2) Docket or case number (if you know): 2010-CF-009035-A-O

  (3) Date of filing (if you know): Nov. 2012

  (4) Nature of the proceeding: Postconviction Rule 3.850

  (5) Grounds raised:

   Ground One: Counsel Rendered Ineffective Assistance For Failing To Move To Disqualify Judge

   Ground Two: Counsel Rendered Ineffective Assistance For Failing To Investigate The Case

   Ground Three: Counsel Rendered Ineffective Assistance For Failing To Advise Defendant of Possible Defense

   Ground Four: Counsel Rendered Ineffective Assistance For Failing To File A Motion To Suppress Evidence

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes ☑ No

  (7) Result: Denied

  (8) Date of result (if you know): July 18, 2014

AO 241
(Rev. 06/13)

 (b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court: N/A

  (2) Docket or case number (if you know): N/A

  (3) Date of filing (if you know): N/A

  (4) Nature of the proceeding: N/A

  (5) Grounds raised: N/A

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐ Yes ☒ No

  (7) Result: N/A

  (8) Date of result (if you know): N/A

 (c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court: N/A

  (2) Docket or case number (if you know): N/A

  (3) Date of filing (if you know): N/A

  (4) Nature of the proceeding: N/A

  (5) Grounds raised: N/A

AO 241 (Rev. 06/13)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes   ☐ No
(2) Second petition:  ☐ Yes   ☒ No
(3) Third petition:   ☐ Yes   ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Counsel Rendered Ineffective Assistance For Failing To Move To Disqualify Judge

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Petitioner contends that his due process and his right to equal protection of the law was violated because defense counsel failed to object and move to disqualify Judge for disparaging statements. The Judge's order denying relief was based on false allegation. From beginning of the Change of Plea Hearing the trial Judge initiated plea dialogue stating "So any thought of any sort of offer at this point is -- we're done, I guess." The Judge discussed the aggravating sentencing possibilies if the Petitioner is convicted in a trial. During the trial preparations the Judge reverted back to plea discussions instead of continuing with trial preparations. Trial Counsel failed to provide effective representation by failing to move to disqualify Judge and as a result Petitioner was prejudice and had it not been for counsel's unprofessional errors would not have entered plea and insisted on proceeding to trial. See Memorandum of Law.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A Exhausted

AO 241 (Rev. 06/13)            Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: 3.850 Issue

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850

Name and location of the court where the motion or petition was filed: The Circuit Court of the Ninth Judicial Circuit, 425 North Orange Avenue, Orlando, FL 32801

Docket or case number (if you know): 2010-CF-009035-A-O

Date of the court's decision: July 18, 2014

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeal Fifth District 300 South Beach Street Daytona Beach, FL 32114-5002

Docket or case number (if you know): 5D 14-3030

Date of the court's decision: March 31, 2015

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

AO 241 (Rev. 06/13)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** Counsel Rendered Ineffective Assistance For Failing To Investigate The Case

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner contends that Counsel failed to perform any pre-trial investigation in this case. Counsel made no effort to interview witness who said he believed he could assist in the investigation or examine the police reports of the witness statements to detectives. Counsel failed to investigate victim's next door neighbor as to why he was at the window making sounds that suddenly awakens the victim in an effort to make determination was these sounds attempts at forced entry? Counsel failed to have latent prints found at crime scene compared to Petitioner. In police reports it is determine that these prints is of value and have been retained on file. Counsel's performance was deficient that resulted in prejudice to Petitioner and had it not been for Counsel's unprofessional errors would not have entered a plea and would have insisted on proceeding to trial. See Memorandum of Law.

(b) If you did not exhaust your state remedies on Ground Two, explain why. N/A
Exhausted

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: 3.850 Issue

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Rule 3.850

Name and location of the court where the motion or petition was filed: The Circuit Court of the Ninth Judicial Circuit, 425 North Orange Avenue, Orlando, FL 32801

Docket or case number (if you know): 2010-CF-009035-A-O

Date of the court's decision: July 18, 2014

AO 241 (Rev. 06/13)  Page 9

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeal Fifth District 300 South Beach Street Daytona Beach, FL 32114-5002

Docket or case number (if you know): 5D 14-3030

Date of the court's decision: March 31, 2015

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(c) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two N/A

**GROUND THREE:** Counsel Rendered Ineffective Assistance For Failing To Advise Petitioner Of Possible Defense

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner contends he had a right to be informed of the facts in the case in relation to the law and be advised of the best course of action and any possible defense prior to entering a plea. Trial Counsel failed to object to the States Motion In Limine that provided Dr. Julia Hegert as an expert witness to verify her late husband Dr. Thomas Hegert's signature and/or initials affixed to the assault kit which would not authenticate Dr. Thomas Hegert's work during the time he produced the kit. Counsel failed to conduct any research into why there exist a conflict between N. Whitney Peterson's Lab Report and the Orlando Police Department's investigation that produced several suspects in the case. Counsel was deficient resulting in prejudice to Petitioner and had it not been that but for Counsel's errors, he would not have entered plea and would have insisted on going to trial. See Memorandum of Law.

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A Exhausted

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: 3.850 Issue

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850

Name and location of the court where the motion or petition was filed: The Circuit Court of the Ninth Judicial Circuit, 425 North Orange Avenue Orlando, FL 32801

Docket or case number (if you know): 2010-CF-009035-A-O

Date of the court's decision: July 18, 2014

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeal Fifth District 300 South Beach Street Daytona Beach, FL 32114-5002

Docket or case number (if you know): 5D 14-3030

Date of the court's decision: March 31, 2015

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** Counsel Rendered Ineffective Assistance For Failing To File A Motion To Suppress Evidence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner contends that trial Counsel failed to conduct any meaningful pretrial discovery that may have uncovered probable tampering or contamination issues. Counsel failed to examine obvious discrepencies of the Crime Lab Analyst Report and police investigative reports. Counsel failed to explore why a blood sample taken from one of the suspects and the sample was never tested. Trial Counsel failed to explore possible issues that might have given rise to a suppression motion but failed to perform this duty. Counsel failed to make effort to explore whether failure to have available suspect(s) tested was the result of Crime Lab negligence, failure to adhere to proper protocol, Chain of Custody issues, carelessness in handling sensitive material evidence or bad faith issues to which any of such or other failures of duty could have been the subject of a suppression motion. Counsel's performance was deficient that resulted in prejudice to Petitioner and had it not been for Counsel's errors would not have entered a plea and would have insisted on a trial. See Memorandum of Law.

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A Exhausted

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: 3.850 Issue

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Rule 3.850

AO 241 (Rev. 06/13)

Page 12

Name and location of the court where the motion or petition was filed: The Circuit Court of the Ninth Judicial Circuit, 425 North Orange Avenue Orlando, FL 32801

Docket or case number (if you know): 2010-CF-009035-A-O

Date of the court's decision: July 18, 2014

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeal Fifth District 300 South Beach Street Daytona Beach, FL 32114-5002

Docket or case number (if you know): 5D 14-3030

Date of the court's decision: March 31, 2015

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

AO 241 (Rev. 06/13)

Page 13

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Beth Bourden, Public Defender Ninth Judicial Circuit of Florida, 435 N. Orange Ave., Suite 400, Orlando, FL 32801

(b) At arraignment and plea: Beth Bourden, Public Defender Ninth Judicial Circuit of Florida, 435 N. Orange Ave., Suite 400 Orlando, FL 32801

(c) At trial: Beth Bourden, Mike Martinko, Public Defender Ninth Judicial Circuit of Florida 435 N. Orange Ave., Suite 400 Orlando, FL 32801

(d) At sentencing: Beth Bourden, Mike Martinko, Public Defender Ninth Judicial Circuit of Florida, 435 N. Orange Ave., Suite 400 Orlando, FL 32801

(e) On appeal: George D.E. Burden

(f) In any post-conviction proceeding: Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The Following Represents The Timeliness of Petition For Writ Of Habeas Corpus
Direct Appeal, Per Curiam Affirmed On Dec. 6, 2011
Mandate Issued On Feb. 1, 2012
Postconviction Rule 3.850 Filed On June 18, 2012
Circuit Court Striked Rule 3.85 /w 30 days to Amend Oct. 9, 2012

Amended Rule 3.850 Filed Nov. 2012
Circuit Court Denied Rule 3.850 July 18, 2014
Defendant Filed Initial Brief on Nov. 7, 2014
5th D.C.A. Per Curiam Affirm On Mar. 31, 2015
5th D.C.A. Issued Mandate June 4, 2015
Petitioner now files the instant Petition For Writ of Habeas Corpus

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: The Petitioner request this Court to grant relief by vacating the judgement of conviction and sentence or the alternative grant a federal evidentiary hearing because no hearing was conducted in the State Court.

or any other relief to which petitioner may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __10-2-15__ (month, date, year).

Executed (signed) on __10-2-15__ (date).

__Dirtman, George 059203__
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by placing it the hands of a Gulf Correctional Official for mailing to the Office of the Attorney General Pamala Bondi located at 444 Seabreeze Blvd. Suite 500, Daytona Beach, FL 32118 on this 2nd day of October 2015.

## DECLARATION

I DECLARE UNDER PENALTIES OF PERJURY Pursuant to F.S.92.525(2) and Section 1746(2) that the foregoing Petition For Writ of Habeas Corpus is true and correct on this 2nd day of October 2015.

__Dirtman, George 059203__